**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

DAVID LANDY, M.D.,

*Plaintiff*,

v.

UNUM GROUP (f/k/a UNUM PROVIDENT) and
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

*Defendants*.

---

## COMPLAINT AND JURY DEMAND

---

The Plaintiff, David Landy, M.D., by and through his counsel of record, McDermott Law, LLC, for his Complaint against Unum Group and Provident Life and Accident Insurance Company states, alleges, and avers as follows:

## I.    JURISDICTION, VENUE, PARTIES

1.    Plaintiff, Davide Landy, M.D., (hereinafter referred to as "Plaintiff" or "Dr. Landy"), at all times pertinent hereto, is and was a resident of the State of Colorado.

2.    Dr. Landy is the policy holder of a private disability income policy purchased from Provident Life and Accident Insurance Company ("Provident Life").

3.    Unum and Provident Life merged to form UnumProvident Corporation in 1999.

4.    UnumProvident Corporation changed its name to Unum Group in 2007.

5.    Unum Group is a Delaware corporation that is registered with the Colorado Division of Insurance and conducts business in the State of Colorado.

6.      Unum Group, through its various subsidiaries, including Provident Life, provides insurance products and services.

7.      Provident Life is an underwriting insurance company of Unum Group.

8.      Provident Life is a Tennessee insurance company that is registered with the Colorado Division of Insurance and conducts business in the State of Colorado.

9.      The principal place of business of both Unum Group and Provident Life is 1 Fountain Square, Chattanooga, TN 37402.

10.     Provident Life issued a private Disability Income Policy (Policy No. 66-338-5781617) (hereinafter "the Policy") to Dr. Landy in the State of Colorado on August 20, 1997.

11.     The Policy premiums were paid by Dr. Landy in the State of Colorado.

12.     The benefit checks issued under Dr. Landy's Policy were paid by Unum and Provident Life to Dr. Landy in the State of Colorado.

13.     All claim correspondence related to Dr. Landy's claim was addressed to or from "Unum – The Benefit Center" in Columbia, South Carolina, or the "Reevaluation Request" center in Worcester, Massachusetts.

14.     Defendants owe their insureds, such as Dr. Landy, the duties of good faith and fair dealing when handling their claims for benefits under the Policy.

15.     Defendants owe their insureds, such as Dr. Landy, a fiduciary duty when handling their claims for benefits under the Policy.

16.     Defendants' breach of the Policy and duties owed to Dr. Landy occurred in the State of Colorado.

17.     The tortious conduct alleged in this action occurred in Colorado.

18.     The injuries Dr. Landy suffered as a result of Defendants' breach and tortious conduct occurred in the State of Colorado.

19.     The amount of controversy exceeds the sum or value of $75,000 and is between Plaintiff, who is a resident of the state of Colorado, Unum Group, who is incorporated under the laws of Delaware, and Provident Life, who is incorporated under the laws of Tennessee.

20.     The Court has diversity jurisdiction under 28 U.S.C. § 1332 (a)(1).

21.     The Court has subject matter jurisdiction over the action under 28 U.S.C. 1332 and 28 U.S.C. §§ 1332(e) & (f).

22.     This Court has personal jurisdiction over Defendants.

23.     As a substantial part of the events or omissions giving rise to the claim occurred in the state of Colorado, venue is proper in pursuant 28 U.S.C. § 1391(b)(2).

## II.     GENERAL ALLEGATIONS

### A.     THE INSURANCE POLICY AT ISSUE

24.     Upon information and belief, Defendants make all determinations regarding claimants' eligibility for disability benefits under the Policy.

25.     Provident Life, as the insurer and underwriter of the Policy, must pay benefits to the insured consistent with the terms of the Policy.

26.     Under the Policy, Provident Life promised to pay from its own funds disability benefits to any insured, including Dr. Landy, so long as he satisfied the Policy's definition of "disability."

27.     Pursuant to the Policy terms, "Total Disability or totally disabled means that due to Injuries or Sickness you are not able to perform the substantial and material duties of Your Occupation."

### B.     DR. LANDY'S CLAIM FOR DISABILITY BENEFITS

28.     On January 30, 2013, Dr. Landy notified Unum of his claim for disability insurance benefits based on his medical conditions.

29.     Unum assigned number 6605781617002 to Dr. Landy's claim for disability benefits under the Policy.

30.     Unum approved his claim by letter dated August 7, 2013, agreeing he was totally disabled as defined by the Policy.

31.     Unum paid benefits from March 4, 2013 through March 4, 2015 under the 24 month Mental Disorder Limitation of the policy which defines Mental Disorders as follows:

> Mental Disorders means any disorder classified in the Diagnostic and Statistical Manual of Mental Disorders (DSM), published by the American Psychiatric Association, most current as of the date of disability.  Such disorders include, but are not limited to, psychotic, emotional, or behavioral disorders, or disorders relatable to stress or to substance abuse or dependency…

32.     At the end of the Mental Disorder Limitation period, Dr. Landy requested that his benefit be continued as a result of his physical conditions.

33.     In a letter dated January 9, 2015, Dr. Landy considered his mental health conditions resolved; however, he continued to suffer from physical conditions.

34.     By letter dated May 12, 2015, Unum agreed to pay Dr. Landy benefits for an additional six months, until September 4, 2015, based on his expected return to work within the next six months.

35.     Dr. Landy's physical conditions did not improve during that six-month time-period, and he remained disabled.

36.     Dr. Landy requested Unum continue his disability benefits on September 3, 2015.

37.     Unum then commenced a review of his claim to determine whether he met the definition of disability based on a physical condition and not a Mental Disorder.

38.     By February 15, 2016, five months had passed without a decision from Unum, so Dr. Landy requested his claim review be expedited.

39.     As a result of the delay, Unum agreed to pay benefits for the period of October 26, 2015 through September 26, 2016 under a reservation of rights while it continued to review his entitlement to benefits.

40.     Without explanation, Unum did not pay disability benefits to Dr. Landy for the period of September 4, 2015 through October 25, 2015.

41.     Dr. Landy remains uncompensated for the disability benefits owed for the period of September 4, 2015 through October 25, 2015.

42.     A neuropsychological evaluation arranged and paid for by Unum with psychologist Bob L. Gant, Ph.D. occurred on May 12, 2016.

43.     Unum continued to evaluate Dr. Landy's claim for an additional five months before reaching its adverse benefit determination.

44.     By letter dated October 7, 2016, Unum terminated his disability benefit, claiming "…there is no support of any restrictions or limitations from a physical condition; you continue to be disabled due to a Mental Disorder.  Since your Disability is continuing due to a Mental Disorder, further benefits are not payable."

45.     The adverse benefit determination waived Defendants' reservation of rights and ability to request a repayment of benefits paid from October 26, 2015 through September 26, 2016.

46.     On June 5, 2017, with the assistance of undersigned counsel, Dr. Landy filed a request for reevaluation of Unum's adverse benefit determination and submitted additional evidence in support of his claim.

47.     According to the certified certificate of delivery, the exhibits referenced within the reevaluation request were received by Unum on June 15, 2017.

48.     As Dr. Landy continued to receive treatment for his disabling medical conditions, the reevaluation request was supplemented on June 20th, July 11th, July 20th, and October 2, 2017 with additional evidence in support of his claim.

49.     By letter dated July 24, 2017, Unum stated a claim determination was expected to be made within 90 days of receipt of the reevaluation request.

50.     With the assistance of undersigned counsel, Dr. Landy requested any documentation which supported Unum's claim that the Policy provided 90 days within which to render a decision.

51.     Unum has never provided Dr. Landy with any policies or procedures supporting its position that a 90-day time frame to render a reevaluation request is authorized by the Policy.

52.     On August 25, 2017—71 days after Dr. Landy submitted his reevaluation request—Unum requested additional documentation from Dr. Landy which could not be obtained.

53.     Without a valid release or authorization, Unum attempted to obtain documentation from another insurance company concerning Dr. Landy's claim for disability benefits under a separate policy.

54.     Unum failed to render a decision on the reevaluation request within 90 days of June 15, 2017, or by September 13, 2017.

55.     As of today's date a decision on the reevaluation request has not yet been rendered.

## C.     LINA'S ADVERSE BENEFIT DETERMINATION WAS UNSUPPORTED

56.     In terminating Dr. Landy's disability benefits, Unum ignored all documentation and information it had available to it from Plaintiff, his treating medical providers, and others demonstrating that he is incapable of performing with reasonable continuity the material duties of his occupation.

57.     From December 3, 2012 through present, Plaintiff has been and remains disabled as defined in the Policy.

58.     At all times pertinent hereto, Defendants were and continue to be liable for paying Dr. Landy's disability benefits under the Policy.

59.     Defendants' termination of Dr. Landy's disability benefits was contrary to the evidence of record and is unreasonable, incorrect, improper, and unsupported by the evidence.

60.     Defendants' acts and omissions have compelled Dr. Landy to institute litigation to recover benefits owed to him under the Policy.

61.     Defendants' acts and omissions are and were designed to discourage Dr. Landy from asserting his rights and claims with regard to disability benefits.

62.     Defendants knew, or should have known, that their acts and omissions were unreasonable, or they recklessly disregarded the fact that they were unreasonable.

63.     As a direct and proximate result of the Defendants' conduct, Dr. Landy has suffered damages including, without limitation, loss of contract benefits, inconvenience, frustration, emotional distress, embarrassment, and financial harm.

### III.     FIRST CLAIM FOR RELIEF
### (Breach of Contract)

64.     Plaintiff realleges each and every allegation of above and below as if fully set forth herein.

65.     The Policy issued by Provident Life constitutes a contract of insurance.

66.     Plaintiff has been entitled to receive disability benefits under the Policy from September 4, 2015 through October 25, 2015 and from the date of termination, October 7, 2016, through now and into the foreseeable future.

67.     Plaintiff is entitled to payment of past-due disability benefits under the Policy.

68.     Through the acts and omissions described herein, as well as those yet to be uncovered through discovery, Defendant breached the contract of insurance.

69.     Defendant's breach of the insurance contract has cause Plaintiff to suffer injuries, damages, and losses in amounts to be proven at trial.

## IV.     SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

70.     Plaintiff realleges each and every allegation of above and below as if fully set forth herein.

71.     Defendants owed duties to Plaintiff as fiduciaries.

72.     Defendants owed duties to Plaintiff under the Policy's implied covenant of good faith and fair dealing, wherein Defendants covenanted that they would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights to receive the benefits of the insurance contract.

73.     Defendants breached their fiduciary duties and duties of good faith and fair dealing by their actions, which included, without limitation, the following unreasonable acts:

a.     Disregarding the Plaintiff's rights or having a reckless disregard that its conduct was unreasonable;

b.     Failing to pay Plaintiff's claim for disability benefits under the Policy;

c.     Ignoring the opinions of Plaintiff's treating physicians regarding the nature of his disability;

d.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.     Placing their interests in not paying benefits ahead of Dr. Landy's interest in receiving benefits owed under the Policy;

f.     Failing to properly investigate Dr. Landy's claim for benefits;

g.     Terminating Dr. Landy's benefits without a reasonable basis for doing so;

h.     Selectively considering only those records and documents that supported their decision to terminate benefits;

     i.     Failing to provide claim related documents to Plaintiff upon request as required by the Policy;

     j.     Failing to render timely decisions on the claim; and

     k.     Other conduct to be revealed during discovery.

74.     Defendants knew their acts and omissions were unreasonable, or they recklessly disregarded the reasonableness of their acts and omissions.

75.     As a proximate result of Defendants' actions, Plaintiff has suffered damages and losses in an amount to be proved at trial, including, but not limited to:

     a.     The contract benefits;

     b.     Being forced to incur additional attorneys' fees and costs in litigation;

     c.     Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant;

     d.     The adverse effect on his financial well-being from the termination of benefits; and

     e.     Other losses and damages alleged elsewhere herein.

76.     As a proximate result of the Defendants' actions and conduct, Plaintiff sustained economic losses, including without limitation the loss of the contract benefit.

77.     As a proximate result of the Defendants' actions and conduct, Plaintiff sustained compensable non-economic injuries, including without limitation, inconvenience, emotional stress, impairment of the quality of life, mental suffering, anguish, anxiety, annoyance, humiliation, and loss of the enjoyment of life, in amounts to be proved at trial.

## V.      THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 and Relief under C.R.S. § 10-3-1116)

78.      Plaintiff realleges each and every allegation of above and below as if fully set forth herein.

79.      Plaintiff is a "first-party claimant" as that term is defined under C.R.S. § 10-3-1115.

80.      Through the acts and omissions alleged herein, and others likely to be uncovered during discovery, Defendants unreasonably terminated Dr. Landy's claim for disability benefits within the meaning of C.R.S. § 10-3-1115.

81.      Under C.R.S. § 10-3-1116(1), Dr. Landy may bring an action in a district court to recover reasonable attorneys' fees, court costs, and two times the covered benefit.

82.      Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to recover his attorney's fees, costs, and two times the contract benefit.

## VI.      FOURTH CLAIM FOR RELIEF
### (Violation of the Colorado Consumer Protection Act)

83.      Plaintiff re-alleges each and every allegation of above and below as if fully set forth herein.

84.      Defendants' bad faith conduct described above and below constitutes an unfair or deceptive trade practice prohibited by the Colorado Consumer Protection Act.

85.      The deceptive trade practices occurred in the course of Defendants' business.

86.      Defendants have engaged in a pattern and practice of adjusting claims for disability benefits in a manner that is unreasonable, constitutes a violation of the duty of good faith and fair dealing and is in direct violation of the Unfair Claims Settlement Practices Act.  This pattern and practice includes:

     a.   terminating claims without any reasonable basis for doing so;

10

    b.   refusing to pay claims without conducting a reasonable investigation based upon all available information;

    c.   refusing to reasonably consider non-exertional limitations in the administration of disability claims;

    d.   failing to acknowledge and act reasonably promptly upon communications about claims;

    e.   misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    f.   failing to promptly explain the how its insurance policies and/or the law support its denials and/or terminations of claims; and

    g.   establishing informal quotas as to certain classes of appeal specialists on the number of internal appeals which can be granted in a particular month and/or quarterly basis;

    h.   forcing insureds to sue to recover benefits due under an insurance policy;

    i.   attempting to settle claims for less than the amount a reasonable person would believe is owed;

    j.   other conduct to be revealed during discovery.

87.     In issuing the Policy, Provident Life misrepresented the terms under which benefits would be payable both to the Plaintiff.

88.     As a result, Plaintiff is entitled to recover statutory penalties in the amount of three times his damages in this action and his reasonable attorneys' fees.

**WHEREFORE**, Plaintiff David Landy, M.D. asks that judgment be entered in his favor and against the Defendant as follows:

1.     For the declaratory relief requested herein;

2.     For compensatory economic, noneconomic, and special damages in amounts to be proven at trial;

3.     For interest (statutory and moratory) as provided by law;

4.     For two times the benefit amount, pursuant to C.R.S. §10-3-1116;

11

5.      For treble damages, fees and costs as permitted under the Colorado Consumer Protection Act;

6.      For attorneys' fees and other costs of suit, including expert witness fees; and

7.      For such other and further relief as the Court deems just and proper.

### Plaintiff Demands a Trial by Jury

DATED this 6th day of October 2017.

McDermott LAW, LLC

*s/ Mary Susan Kern*
_____
Mary Susan Kern, #50730
Shawn E. McDermott, #21965
2300 15th Street, Suite 200
Denver, CO 80202
(303) 964-1800
(303) 964-1900
*marysue@mcdermottlaw.net*
*shawn@mcdermottlaw.net*
***Attorneys for Plaintiff***

Plaintiff's Address:
4505 S. Yosemite Street, Unit 113
Denver, CO 80237